[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DENIAL OF REARGUMENT OF DENIAL OF SUMMARY JUDGMENT
On July 3, 2000 this court heard oral argument on the defendant's request for summary judgment on a nine count writ dealing generally with an alleged improper employment termination.
In reviewing the file, the court noted that a pretrial conference was held on the matter on January 4, 1999. At that conference, which was not presided over by a judge, a scheduling order was agreed to which provided that any motion for summary judgment should be filed by February 1, 2000. On the same day, January 4, 1999, records indicate that the parties agreed to a trial assignment on September 27, 2000.
Defendant did not files its motion for summary judgment in a timely manner, but rather filed it on February 16, 2000. This filing was CT Page 9572 approximately twenty-six months after the original return date, December 2, 1997, and thirteen months after the trial assignment was obtained. The motion was not argued to the court until July 3, 2000, approximately eighteen months after the trial assignment and about ten weeks prior to the scheduled jury trial.
Defendant makes much of the fact its his motion for summary judgment was only sixteen days late, but having filed a late motion it also allowed almost six months to elapse before the matter was argued.
Nowhere does the defendant acknowledge the existence of Section 17-44 of the Connecticut Practice Book. That section provides in pertinent part:
 "In any action, except administrative appeals which are not numerated in Section 14-7, any party may move for a summary judgment at any time, except that the party must obtain the judicial authority's permission to file a motion for summary judgment after the case has been assigned for trial. [emphasis supplied]."
Neither does the defendant refer to Section 11-19 of the Practice Book which provides in pertinent part:
 "(a) Any judge of the Superior Court and any judge trial referee to whom a short calendar matter has been submitted for decision, with or without oral argument, shall issue a decision on such matter not later than 120 days from the date of such submission, unless such time limit is waived by the parties." [emphasis added].
Clearly our Practice Book requires that summary judgment motion be filed either before trial assignment or with the judicial authority's permission. In the instant case, the defendant urges the court to allow the filing of the summary judgment after assignment for trial and without the permission of the court. The defendant has delayed arguing its motion so that the argument precedes the trial assignment by only 70 days.
The purpose of requiring the filing of summary judgments in a timely manner is to save the parties the expense of preparation for trial. The purpose of requiring court permission to file requests for summary judgment after trial assignment is review the legitimacy of the delay in filing the request. Defendant apparently wishes to proceed as if Section 17-44 did not exist. Defendant offers no reason for his failure to request permission to file summary judgment at this late date. The CT Page 9573 granting of a motion for summary judgment as to all counts would foster the goal of judicial economy. However, the court observes, without deciding, that employment termination cases tend to be highly fact specific and it is unlikely that summary judgment would have been granted as to all counts. Moreover, judicial economy is also fostered by following the rules of practice. This court is not as concerned with the fact that the summary judgment was filed fifteen days late as with the fact that, as best the court can determine, it was filed after the assignment of the trial date and without "the judicial authority's permission". In footnote one of its motion to reargue defendant makes much of the fact that the scheduling order was not an order of the court because it was not entered by a judge. If court accepts this assertion, then there has been an absolute failure to comply with Section 17-44.
For the foregoing reasons the motion to reargue is denied.
THE COURT
By ___________ Kevin E. Booth